𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## V. A. WITCHER v. COMMONWEALTH, No. 2.

April 5, 1923.

INTOXICATING LIQUORS—*Evidence Sufficient to Sustain Verdict of Guilty—Case at Bar.*—In the instant case the indictment contained four counts, namely, the omnibus count, a count charging unlawful transportation within the State, a count charging the taking of a drink in a public place, and a count charging unlawful possession of ardent spirits by accused at a place not his home. Evidence for the Commonwealth showed the finding of a half-gallon jar of whiskey in the dwelling house of accused and a number of empty glass jars in his yard, and that along a path leading from the house of accused to his store a number of half-gallon jars of whiskey were found concealed, one about nine feet from his store. A foot print near one of these places of concealment was found to correspond to the shoe of defendant. Defendant had no control over the path, which was used by others, and there was evidence for defendant tending to exculpate him. The jury found the defendant "guilty of a misdemeanor as charged in the within indictment."

*Held:* That the evidence was sufficient to sustain the verdict of the jury.

Error to a judgment of the Circuit Court of Pittsylvania county.

*Affirmed.*

The opinion states the case.

*R. I. Overbey,* for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the defendant, was convicted of violating the prohibition law and sentenced to pay a fine of $50.00, and to confinement in jail for one month. The indictment contained four counts. The first is the omnibus count in the statutory form. The second charges unlawful transportation from one point to another within the State. The third charges that the defendant unlawfully took a drink of ardent spirits in a public place, and the fourth unlawful possession of ardent spirits at a place not his home. The defendant had no counsel at his trial, and did not call for any bill of particulars. He entered a plea of not guilty and went to trial on the merits. The jury found the defendant "guilty of a misdemeanor as charged in the within indictment." The defendant moved to set aside the verdict, without specifying any ground therefor. The court overruled the motion and the defendant excepted. The only error assigned is that the verdict was contrary to the law and the evidence.

The evidence certified shows, without any substantial conflict, the following case: On May 15, 1922, two officers searched the premises of the defendant, under a search warrant, and found one-half gallon of new corn whiskey in his dwelling house and a number of empty glass jars in his yard. They also found one-half gallon of corn whiskey in a glass fruit jar, in the grass and weeds on the side of a path about nine feet from the rear end of defendant's store. There is a path leading from the store to defendant's house, along which many people pass day and night. The distance from the store to defendant's dwelling is about four hundred yards. The defendant had neither possession nor control of the path, nor of the land on either side thereof, for any part of the distance between the house and the store. The officers further testified "that a footprint, fresh as if

made the night before, was seen on the embankment adjacent to said fruit jar as if a man had just put one foot on said embankment and reached over a wire fence and deposited said fruit jar where it was found; that after defendant's dwelling house was searched the officers came with said Witcher from said dwelling house along said path to said storehouse, with defendant walking in front of them; that when they reached the point in said path where said fruit jar was found, they stopped and measured a track made then and there by the defendant and also measured the track in said embankment, and the two tracks corresponded exactly, as if made by the same shoe, in length, breadth, heel, toe and middle, in every respect; that he, said Pugh, and officer May found in the grass and weeds adjacent to said path, hid in the weeds further on between said storehouse and defendant's dwelling house at intervals of a few feet several other half-gallon fruit jars containing new corn whiskey, and that the defendant, in making a voluntary statement, denied any knowledge of said whiskey, and said that the land bordering on said path was not owned by him nor under his control, and he did not know who placed said whiskey there; that he traveled said path, but had not observed said whiskey; said Pugh further said that none of said jars were entirely hid, but could be seen by anyone looking over the fence."

It was shown by two witnesses on behalf of the defendant that, on the early morning of May 15, 1922, when they "knew the defendant was in his dwelling house and had not gotten up," two men were seen to drive up in a machine and stop near the defendant's storehouse, and that one of them got out, carrying something in a sack, and went across the field and "put something down in the field not very far from said

path," and then return to the machine, and the two drove off together. The witnesses did not know either of the men in the machine. This is all of the evidence in the case.

We are unable to say that the verdict of the jury was not warranted by the evidence, and the judgment of the trial court must, therefore, be affirmed.

*Affirmed.*